UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD JOHN FLORANCE, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3: 09-CV-1732-B |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER AND OPINION

Before the Court are Plaintiff Richard John Florance's Motion to Remand (doc. 4) and Defendant United States' Motion to Dismiss (doc. 8). For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss.

### I.

### BACKGROUND

This case arises from a Notice of Deficiency mailed by the Internal Revenue Service ("IRS") to Plaintiff Richard John Florance, Jr. ("Florance") on May 26, 2009. The Notice of Deficiency informed Florance that he owed federal taxes for the taxable year 2006 in the amount of $110,469. In an apparent effort to challenge the Notice of Deficiency, on August 12, 2009, Florance initiated a civil action in the 192nd Judicial District of Dallas County, Texas against Defendant United States. The United States removed the action to this Court on September 17, 2009 pursuant to 28 U.S.C. §§ 1331 and 1340.

As best the Court can determine from Florance's rambling and somewhat fanciful

allegations, he appears to contends that the Notice of Deficiency issued by the IRS is legally unenforceable. (Pl.'s Original Pet. 12.) He argues that he owes no fiduciary duties to the United States and, as such, is not subject to federal income taxes. (*Id.*) Furthermore, Florance requests that the Court enjoin the United States from assessing taxes against him in the future. (*Id.*)

Florance filed a Motion to Remand on October 2, 2009 (doc. 4). On October 18, 2009 the United States filed their response and a Motion to Dismiss (doc. 8). Both motions being ripe, the Court now turns to the merits of its decision.

## II.

## MOTION TO REMAND

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In an action which has been removed from state court, the removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995)(citation omitted). Additionally, whether jurisdiction exists for a removed action is determined by looking at the complaint at the time the notice of removal is filed. *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

The instant case concerns Florance's liability under federal income tax laws. Specifically, to resolve this case, the Court must determine whether Florance is a "taxpayer" as defined the Internal Revenue Code. Federal courts have original jurisdiction over civil actions arising under federal tax laws. *See* 28 U.S.C. § 1340. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1340.

While Florance concedes that this case could have been brought in federal court under §1340, he contends that § 1340 does not provide adequate grounds for removal. (Pl.'s Mot. to

Remand 5.) However, a state court action involving a question of federal law may be removed to federal court if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). As discussed above, it is undisputed that this action could have originally been brought in federal court. Thus, removal of this action to federal district court was proper under 28 U.S.C. § 1441(a). Accordingly, the Court **DENIES** Florance's Motion to Remand (doc. 4).

### III.

### MOTION TO DISMISS

The United States argues that this case should be dismissed for lack of subject matter jurisdiction under the doctrine of sovereign immunity. It is well-established that the United States, as a sovereign, may not be sued without its express consent. *United States v. Testan*, 424 U.S. 392, 399 (1976). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Id.* A plaintiff filing a suit against the United States must state in his complaint the grounds upon which the sovereign consented to the suit. *See Swift v. U.S. Border Patrol*, 578 F.Supp. 35, 37 (S.D.Tex. 1983).

Florance does not allege in any of his pleadings that the United States has waived sovereign immunity with regard to this action. Rather, he states that those who assert the doctrine of sovereign immunity as a defense are "idiots," "professionally incompetent," or "clinically insane." (Pl.'s Reply 9.) Having found no grounds upon which the United States has consented to this suit, the Court finds that Florance's action must be dismissed for lack of subject matter jurisdiction. *See Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993)(finding that whenever the United States has not waived its sovereign immunity, the district court should dismiss the complaint for want of subject matter jurisdiction).

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Florance's Motion to Remand (doc. 4) and **GRANTS** Defendant United States' Motion to Dismiss (doc. 8). Accordingly, the Court **DISMISSES** this case without prejudice. Furthermore, Florance's Motion to Strike (doc. 5), First Motion to Strike (doc. 6), and Motion for a Temporary Injunction (doc. 10) are **DENIED as moot.** SO ORDERED. DECEMBER 31, 2009.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE